# Third District Court of Appeal

## State of Florida

Opinion filed May 7, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2014
Lower Tribunal No. 21-CA159-M
_____

**Garden State Holdings, LLC, etc.,**
Appellant,

vs.

**Shazbop, LLC, etc., et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Law Office of Paul A. Krasker, P.A., and Marshall J. Osofsky (West Palm Beach), for appellant.

Lydecker LLP, and Forrest L. Andrews and Debbie Maken, for appellee Shazbop, LLC.

Before MILLER, GORDO and BOKOR, JJ.

BOKOR, J.

In these consolidated appeals,[1] Garden State Holdings, LLC, challenges a summary judgment and a related cost and fee award entered against it in an action to vacate a tax deed sale. Garden State argues that it was the owner of the property subject to the tax deed sale and that the sale was invalid because it was not provided proper notice prior to the sale of the property to Shazbop, LLC. Alternatively, Garden State claims ambiguity in the property description rendering summary judgment inappropriate. Because the relevant title documents unambiguously reflect that Garden State was not the owner of the subject property, we affirm.

Garden State's claim to the tax deed property derived from a September 13, 2016 warranty deed conveying certain property in Monroe County, Florida, to Garden State from the Grassy Key Land Company, Inc. This deed begins by describing the subject property as "All of Government Lot 1, Section 26, Township 65 South, Range 33 East, on Grassy Key, Monroe County, Florida, Except the Following Described Tracts of Land." The deed then includes one additional line stating, in parentheses, "Less & Except the Following Described Parcels" before giving detailed metes and

---

[1] Cases 3D2023-2014 and 3D2024-1113 were ordered "consolidated for purposes of travelling together only." This court heard one oral argument pertaining to both appeals, and issues the identical opinion under both case numbers.

2

bounds descriptions of the overall lot with several carve-outs, including the tax deed parcel. The deed then reiterates these carve-outs under the header "Also Known As" before adding one additional carve-out under the header "And Further Lessing the Following."

In opposition to summary judgment, Garden State claimed that the deed either conveyed the subject parcel to it or contained ambiguity precluding entry of summary judgment as to whether the deed included the parcel subject to the tax deed sale. Both parties also proffered competing surveyor maps and affidavits disputing whether the subject parcel was encompassed by the conveyance, though the parties did not dispute that the metes and bounds descriptions of the parcels within the deed were accurate and that the surveys reflected the property descriptions. So the only remaining dispute concerned the effect of the conveyance language in the deed. Specifically, did the deed include the parcel later subject to the tax deed sale, for which Garden State did not receive notice? The trial court found that the deed unambiguously did not convey the tax deed parcel to Garden State. Garden State was therefore not entitled to notice of the tax deed sale. This appeal followed.

Summary judgment is typically improper when a contract is ambiguous. See, e.g., Nationstar Mortg. Co. v. Levine, 216 So. 3d 711, 714

3

(Fla. 4th DCA 2017). A contract is ambiguous when it can be reasonably interpreted in more than one way. Id. at 715. But "[a] true ambiguity does not exist merely because a contract can possibly be interpreted in more than one manner." Am. Med. Int'l, Inc. v. Scheller, 462 So. 2d 1, 7 (Fla. 4th DCA 1984). Additionally, "extrinsic evidence . . . should not be used to introduce [a contractual] ambiguity where none exists." EcoVirux, LLC v. BioPledge, LLC, 357 So. 3d 182, 187 (Fla. 3d DCA 2022) (quotation omitted). Here, examining the entire conveyance in context, the only reasonable interpretation of the warranty deed excludes the subject tax deed parcel. Notwithstanding some redundant header language, the undisputed property descriptions clearly reflect that the additional parcels (denoted "Parcel A" and "Parcel B") were carve-outs from the overall lot rather than inclusions. Thus, because the deed unambiguously conveyed the Grassy Key lot except for the excluded parcels, and the excluded parcels included the tax deed parcel at issue, the trial court did not err in finding Shazbop entitled to summary judgment.

Affirmed.